**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van M. Robinson and Polly R. Robinson,) | No. CV 10-1829-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Bank of New York Mellon, et. al., ) | |
| Defendants. ) | |

The court has before it the parties' supplemental memoranda regarding jurisdiction (docs. 39, 40, and 41).

On August 26, 2010, plaintiffs, *pro se*, filed their original complaint in this court. It alleged violations of the Truth in Lending Act (15 U.S.C. § 1601, *et. seq.*), Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601-2617), Home Ownership and Equity Protection Act (15 U.S.C. § 1639), Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1691p), and Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1968). Plaintiffs thereafter retained counsel and filed their first amended complaint (docs. 17, 18). The amended complaint abandoned all federal claims and alleged only state law claims. In their Joint Case Management Plan (doc. 31), the parties stated that although the amended complaint failed to state any federal claims, we could exercise discretionary supplemental jurisdiction pursuant to 28 U.S.C. § 1367. At the Rule 16 Scheduling Conference we

1  requested supplemental briefs addressing whether federal subject matter jurisdiction existed
2  and, if so, whether we should exercise it.

3  As a preliminary matter, the parties do not dispute a lack of diversity necessary for
4  jurisdiction pursuant to 28 U.S.C. § 1332.[1] The issue is whether the amended complaint must
5  assert federal question jurisdiction, or whether federal questions alleged in the original
6  complaint are sufficient. Defendants Bank of New York Mellon, et. al. argue that the
7  amended complaint is the operative pleading now, and that its failure to allege federal
8  questions deprives us of subject matter jurisdiction.  Defendant On Q Financial, Inc.
9  disagrees and argues that we have discretion to exercise supplemental jurisdiction over the
10 amended complaint. See 28 U.S.C. § 1367(c); United Mine Workers of Am. v. Gibbs, 383
11 U.S. 715, 726-27 (1966).  Plaintiffs take no position, but argue that they erroneously omitted
12 several federal claims and therefore we may exercise jurisdiction over an as yet unfiled
13 proposed second amended complaint.

14 Federal subject matter jurisdiction must exist at the time an action is commenced. See
15 Morongo Bd. of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376,
16 1380 (9th Cir. 1988).  Here, federal jurisdiction existed when plaintiffs filed their original
17 complaint because they alleged violations of various federal laws.  However, "an amended
18 pleading supersedes the original pleading, which is treated thereafter as non-existent." Desai
19 v. Deutsche Bank Sec. Ltd., 573 F.3d 931, 936, n.5 (9th Cir. 2009) (internal citations
20 omitted).  Thus, "when a plaintiff files a complaint in federal court and then voluntarily
21 amends the complaint, courts look to the amended complaint to determine jurisdiction."
22 Rockwell Int'l. Corp. v. U.S., 549 U.S. 457, 473-74, 127 S. Ct. 1397, 1409 (2007).

23 Thus, because plaintiffs' amended complaint asserts only state law claims, we do not
24 have federal question jurisdiction. In addition, we cannot exercise supplemental jurisdiction
25 without original jurisdiction. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy

---

[1] Plaintiffs are residents of Arizona and Defendant On Q Financial is an Arizona Corporation, with its principal place of business in Arizona.

1  Bear, 254 F.3d 802, 805 (9th Cir. 2001).  Therefore, because plaintiffs' first amended
2  complaint does not assert any cause of action arising under federal law, and the state law
3  claims[2] do not depend on a substantial issue of federal law, we do not have federal subject
4  matter jurisdiction.

5       Although the amendment deadline has passed, having requested supplemental
6  memoranda regarding jurisdiction, we will allow plaintiffs additional time to file a motion
7  for leave to amend.  Plaintiffs shall have to and including January 14, 2011 to file a motion
8  for leave to amend.  We note that plaintiffs may allege violations of procedural due process
9  under the 14th Amendment of the United States Constitution.  Circuit law suggests that a
10 private foreclosure sale of a mortgagor's residence pursuant to a non-judicial foreclosure
11 statute is not state action implicating the due process clause.  See Apao v. Bank of New
12 York, 324 F.3d 1091, 1095 (9th Cir. 2003).  Plaintiffs should address this problem in their
13 motion for leave to amend.

14      Therefore, **IT IS ORDERED GRANTING** plaintiffs to and including January 14,
15 2011 to file a motion for leave to amend, absent which this action will be dismissed for lack
16 of subject matter jurisdiction.

17      DATED this 4th day of January, 2011.

_____
Frederick J. Martone
United States District Judge

---

[2] Plaintiffs' state law claims are: (1) declaratory judgment, (2) injunctive relief, (3) breach of contract, (4) violation of A.R.S. § 33-804, (5) illegality of MERS, (6) fraud, (7) wrongful foreclosure, (8) bifurcation, (9) the conclusive presumption of A.R.S. § 33-811(B) violates the separation of powers doctrine contained in Article 3 of the Arizona Constitution, and (10) breach of contract.  As set forth in the amended complaint, none of plaintiffs' claims makes any reference to federal law and therefore could not depend on a substantial issue of federal law.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368 (2005) (stating that we may find federal jurisdiction embedded in plaintiffs' state law claims only if those claims "necessarily raise a stated federal issue, actually disputed and substantial").