**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van M. Robinson and Polly R. Robinson,) | No. CV 10-1829-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Bank of New York Mellon, et. al., ) | |
| Defendants. ) | |

The court has before it plaintiffs' Motion for Leave to File Second Amended Complaint (docs. 43, 47), defendants Bank of New York Mellon, BAC Home Loans Servicing, LP, Merscorp Inc, Mortgage Electronic Registration Systems Inc. ("MERS"), ReconTrust Company, N.A., Darla Sproles, and Naomi Dudek's response ("defendants") (doc. 48), and plaintiffs' reply (doc. 49). Defendant On Q Financial Inc. did not respond.

On March 23, 2007, plaintiffs purchased the real property that is the subject of this action with a loan secured by a Deed of Trust in favor of defendant On Q Financial, Inc. The Deed of Trust originally named Chicago Title Insurance Company as the Trustee and MERS as nominee for the "Lender and Lender's successors and assigns." Second Amended Complaint ¶ 11 ("SAC"). Various assignments subsequently occurred. In May 2010, Trustee ReconTrust recorded a Notice of Trustee Sale and intended to sell plaintiffs' home at a Trustee's sale on August 27, 2010. On August 26, 2010, plaintiffs filed this action pro se alleging multiple claims including wrongful foreclosure and violations of various federal

statutes.  After retaining counsel, plaintiffs amended their complaint by leave of court and abandoned all previously stated federal claims.  At the Rule 16 Scheduling Conference we raised the issue of subject matter jurisdiction and asked for supplemental briefing.  On January 4, 2011 we issued an order holding that we did not have subject matter jurisdiction over the First Amended Complaint.  Pursuant to plaintiffs' assertions that they neglected to raise certain federal questions in the First Amended Complaint, we granted plaintiffs leave to file a motion to amend.  We specifically asked plaintiffs to address the issue of whether there is state action when a foreclosure is conducted pursuant to Arizona's Deed of Trust statute, A.R.S. § 33-801, et. seq.

On January 14, 2011, plaintiffs filed a motion for leave to file second amended complaint (docs. 43, 47).  Plaintiffs added one claim for violations of procedural due process but did not address the issue of state action as we requested.  Defendants accuse plaintiffs of forum shopping and ask that we deny the motion to amend on grounds of futility.

Rule 15(a), Fed. R. Civ. P. provides that leave to amend "shall be freely given when justice so requires."  We deny leave to amend if amendment is futile.  <u>AmerisourceBergen Corp. v. Dialysist W., Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006).  A proposed amendment is futile if it would not withstand a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.  <u>See Townsend v. Univ. of Alaska</u>, 543 F.3d 478, 486, n. 6 (9th Cir. 2008).  Therefore, we consider whether plaintiffs' SAC contains "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, __ U.S. __, __, 129 S.Ct. 1937, 1950 (2009).

Plaintiffs' sole basis for federal question jurisdiction lies in the added eleventh claim which asserts violations of procedural due process guaranteed by the 14th Amendment.  <u>SAC</u> at 25.  Included are four separate bases allegedly giving rise to violations of procedural due process: (1) A.R.S. § 33-810's allowance for postponements of a trustee's sale without requiring the trustee to record notice of the postponement or new sale date; (2) defendants' failure to provide plaintiffs notice of their right to reinstate upon each postponement; (3) A.R.S. § 33-807(E)'s prohibition against joining a trustee as a party in a legal action alleging

1  fraud or misconduct by the trustee; and (4) A.R.S. § 33-811(B)'s conclusive presumption of

2  compliance with Arizona's Deed of Trust statute in favor of a bona fide purchaser for value

3  and without actual notice.  SAC ¶¶ 92-102[1].  Plaintiffs argue that this states federal question

4  jurisdiction under 28 U.S.C. § 1331.  Defendants argue that amendment is futile because no

5  state action exists when a private lender invokes non-judicial foreclosure.

6        The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of

7  life, liberty, or property without due process of law." (emphasis added).  It shields citizens

8  from unlawful governmental action, not action by private citizens.  Flagg Bros., Inc. v.

9  Brooks, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978).  Therefore, where a plaintiff asserts

10  a violation of procedural due process, a threshold question is whether there is state action.

11  See id.; Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003).  The Supreme

12  Court has held that in cases involving foreclosures or seizures of property to satisfy a debt,

13  the 14th Amendment is only implicated where there is some direct state involvement in the

14  execution of the foreclosure or seizure.  Flagg Bros, 426 U.S. at 157, 98 S.Ct. at 1734.  The

15  process must involve the "overt, significant assistance of state officials."  Am. Mfrs. Mut. Ins.

16  Co., 526 U.S. 40, 54, 119 S.Ct. 977 (1999).

17        Plaintiffs do not squarely confront the state action requirement and posit conclusory

18  statements about how various provisions of Arizona's Deed of Trust statute violate

19  procedural due process.  The weight of authority is overwhelmingly against plaintiffs.  See

       *Frederick J. Martone*
       United States District Judge

20  Flagg Bros., 436 U.S. 149, 98 S.Ct. 1729; Apao, 324 F.3d 1091; Nieves v. World Sav. Bank,

21  FSB, 357 Fed. Appx. 843, 844 (9th Cir. 2009); Charmicor, Inc. v. Deaner, 572 F.2d 694, 696

22  (9th Cir. 1978); Kenly v. Miracle Props., 412 F. Supp. 1072, 1074 (D. Ariz. 1976).

23        In Kenly, this court expressly held that acts of a private trustee in conducting a non-

24

25        _____

26        [1] We note that plaintiffs argue in the reply that state action is involved because SEC
    Rules and Regulations set forth certain preconditions to the marketing and sale of shares in
27    mortgage backed securities.  Reply ¶ V.  This is the first time plaintiffs raise this argument
    and there is no mention of it in the complaint.  We do not consider matters raised for the first
28    time in a reply.

judicial foreclosure under A.R.S. § 33-801, *et. seq.* did not constitute "state" action so as to invoke due process guarantees. 412 F. Supp. at 1077.  The court found that in the context of non-judicial foreclosures it is not the power of the state that is being invoked, but rather, the private agreement itself. Id. at 1074.  Furthermore, the court reasoned that the mere fact that state law regulates the residential mortgage business, does not convert mortgage lenders into state actors. Id.  Absent overt state official involvement, there was "no nexus between a private sale pursuant to contract and the powers conferred by statute." Id.

The United States Court of Appeals for the Ninth Circuit addressed the same issue with regard to Hawaii's Deed of Trust statute and reached the same conclusion. Apao, 324 F.3d at 1095. The court reasoned that because the state merely authorized the parties to contract for foreclosure upon default there was no state action. Id.

Here, plaintiffs' procedural due process claim fails as a matter of law because plaintiffs cannot show the threshold element of state action.  Plaintiffs have not pled any facts showing "overt official involvement."  In fact, plaintiffs' home has not been sold.  Plaintiffs voluntarily contracted with a private party and agreed to confer a power of sale upon the trustee in the Deed of Trust.  The trustee is now invoking that power, not the power of the state.  Accordingly, plaintiffs' SAC fails to plead a plausible federal question.  Amendment would be futile.  Absent any federal question or diversity jurisdiction we do not have the power to hear this case.

Therefore, **IT IS ORDERED DENYING** plaintiffs' motion for leave to file a second amended complaint (docs. 43, 47).  It is further **ORDERED DISMISSING** this action for lack of subject matter jurisdiction.  Defendants' previous motions to dismiss plaintiffs' complaint and first amended complaint are **DENIED as MOOT** (docs. 7 and 24).

DATED this 4th day of March, 2011.

Frederick J. Martone
United States District Judge

- 4 -